UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation,<br><br>          Plaintiff,<br><br>   vs.<br><br>SLOAN VALVE COMPANY, a Delaware corporation,<br><br>          Defendant. | Case No.: 2:10-cv-01816-RLH-VCF<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#62;<br>Motion for Hearing–#67) |

Before the Court is Plaintiff Fireman's Fund Insurance Company's ("Fireman's Fund") **Motion for Reconsideration** (#62, filed Dec. 16, 2011) of the Court's Order (#57) on Defendant Sloan Valve Company's ("Sloan") Motion for Partial Summary Judgment (#29). The Court has also considered Sloan's Opposition (#63, filed Dec. 30), and Fireman's Fund's Reply (#66, filed Jan. 9, 2012).

Also before the Court is Fireman's Fund's **Motion for Hearing** (#67, filed Jan. 25). Sloan did not file an opposition.

## BACKGROUND

The Court has previously set forth the background of this case in its previous Order (#57). The Court only adds that in May 2011, Sloan filed a motion for partial summary judgment (#29), which the Court granted (#57). Fireman's Fund has now filed a motion for reconsideration

of that Order. Fireman's Fund also requests a hearing on this motion. For the reasons discussed below, the Court denies both of Fireman's Fund's motions.

## DISCUSSION

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Fireman's Fund asks the Court to reconsider its November 16, 2011, Order (#57) on Sloan's Motion for Partial Summary Judgment (#36) in which the Court held that the economic loss doctrine precludes Fireman's Fund's three tort-based claims. However, Fireman's Fund presents arguments previously raised and a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Beentjes v. Placer County Air Pollution Control District*, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). Furthermore, in its reply to its motion for reconsideration, Fireman's Fund provides an affidavit of a mechanical engineer who raises facts and opinions not raised by Fireman's Fund during the briefing of Sloan's original motion for partial summary judgment. However, "the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." *Arizona Civil Liberties Union v. Dunham*, 112 F.Supp.2d 927, 935 (D. Ariz. 2000) (citation omitted). Finally, Fireman's Fund points to no

///

mistake in the Court's previous order (#57) that could serve as the basis for reconsideration. Therefore, the Court denies Fireman's Fund's motion for reconsideration.

Finally, as to Fireman's Fund's request for a hearing on its motion for reconsideration, the Court notes that Fireman's Fund has had ample opportunity to argue its position on Sloan's motion for partial summary judgment.  Fireman's Fund has filed an opposition to Sloan's motion, a motion for reconsideration, a reply in support of its motion for reconsideration, and a sur-reply in support of its motion for reconsideration.  If Fireman's Fund has been unable to adequately articulate or explain its position after all of those filings then a hearing is not going to improve anything.  The Court denies the motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Fireman's Funds Motion for Reconsideration (#62) is DENIED.

IT IS FURTHER ORDERED that Fireman's Fund's Motion for Hearing (#67) is DENIED.

Dated: March 16, 2012

_____
ROGER L. HUNT
United States District Judge