UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California Corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>SLOAN VALVE COMPANY, a Delaware Corporation, and DOES 1-30 inclusive,<br><br>                                    Defendants. | Case No. 2:10-cv-01816-MMD-VCF<br><br>ORDER<br><br>(Defendant's Motion for Summary Judgment – dkt. no. 71; Defendant's Motion to Strike Fireman's Fund Insurance Company's Sur-Reply – dkt. no. 83; Plaintiff's Motion for Reconsideration on Ruling on Sloan Valve Company's Motion for Partial Summary Judgment Pursuant to Rule 60(b) – dkt. no.  86) |

## I.    SUMMARY

Before the Court are Defendant Sloan Valve Company's Motion for Summary Judgment (dkt. no. 71), Defendant Sloan Valve Company's Motion to Strike Fireman's Fund Insurance Company's Sur-Reply to Defendant's Motion for Summary Judgment (dkt. no. 83), and Plaintiff Fireman's Fund Insurance Company's Motion for Reconsideration on Ruling on Sloan Valve Company's Motion for Partial Summary Judgment Pursuant to Rule 60(b) (dkt. no. 86).  For the reasons discussed below, all the Motions are denied.

## II.    BACKGROUND

This dispute arises out of damage caused by an allegedly defective flush valve (the "Flush Valve") at a vacant commercial building owned by Harsch Investment Properties in Las Vegas, Nevada (the "Building").  In January 2009, the Flush Valve,

which was manufactured by Defendant Sloan Valve Company ("Defendant"), failed and caused a leak.  As the building was unoccupied (Harsch was seeking to rent it out), the leak apparently continued for some time and caused a significant amount of damage to the building.  Plaintiff Fireman's Fund Insurance Company ("Plaintiff"), Harsch's insurer, paid Harsch under its insurance policy for repairs and brought this suit as Harsch's subrogee.  The Amended Complaint alleged (1) strict products liability, (2) negligence, (3) breach of implied warranty, and (4) strict products liability warning defect.

In June 2011, Defendant moved for partial summary judgment on all the tort claims arguing that the economic loss doctrine barred Plaintiff's recovery.  The Court granted the motion, thereby eliminating all claims except breach of implied warranty.  Defendant filed the instant Motion for Summary Judgment in April 2012, arguing that there is no contractual privity to sustain an implied warranty claim.

Pertinent to the privity argument is the year in which the Flush Valve was installed as this impliedly establishes who purchased it.  Discovery conducted by the parties revealed that in 1998, one year before Harsch's acquisition of the Building, the Building's original flush valves were retrofitted to automatic sensor valves of the type of the Flush Valve.  However, upon inspection of the Flush Valve after the leak, an internal label on the electronic sensor portion displayed a manufacture date in 2000.  Complicating the matter further, Defendant's Reply (dkt. no. 76) supported by an affidavit of Peter Jahriling (Ex. A), presented evidence that (1) the Flush Valve is actually comprised of an electronic sensor and diaphragm assembly, two separate and unique parts, (2) replacement of both parts is required for a retrofit, but after that, the parts can be purchased and installed separately, and (3) failure of the diaphragm assembly was the sole cause of the leak.

This evidentiary conflict led to the filing of the other two pending motions.  In response to Defendant's Reply, Plaintiff filed a Sur-Reply (dkt. no. 78) arguing that Defendant's Reply improperly introduced new evidence to which they had no opportunity to respond.  Defendant subsequently filed the instant Motion to Strike (dkt. no. 83) the

1   Sur-Reply arguing that sur-replies are not permitted under the federal or local rules.

2   Plaintiff then filed a second Motion to Reconsider (dkt. no. 86) the Court's prior Order

3   (dkt. no. 57) granting Defendant's Motion for Partial Summary Judgment (dkt. no. 36),

4   claiming that the manufacture date of the electronic sensor constituted new evidence

5   that justified relief from the prior Order.  For the reasons discussed below, all motions

6   are denied.

7   **III.    DISCUSSION**

8       Because the pending motions clogging the docket are inter-related and rely on

9   similar facts, the Court addresses them in one Order.  The Court will first address the

10  Motion to Strike the Sur-Reply as the determination on that Motion necessarily affects

11  the Motion for Summary Judgment.  The Court will then address the Motion for Summary

12  Judgment and finally, the Motion for Reconsideration.

13      **A.    Motion to Strike**

14      As a preliminary matter, the Court must resolve a dispute about what filings may

15  be considered in its determination on the Motion for Summary Judgment.  Plaintiff's Sur-

16  Reply argues that Defendant's Reply to the Motion for Summary Judgment contained

17  new information to which Plaintiff was unable to respond.[1]  Plaintiff urged the Court to

18  not consider the information in ruling on the Motion.  Defendants seek to strike the Sur-

19  Reply because such filings are not allowed without the Court's leave.

20      "To the extent that [a Reply] presents new information, it is improper."  *Tovar v.*

21  *U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).  However, a court may

22  consider new information in a reply when the non-moving party has an opportunity to

23  respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC*

24  *Inv. Corp.*, 900 F. 2d 112, 116 (7th Cir. 1990)).  Sloan correctly states that Plaintiff's Sur-

25

26          [1]Plaintiff also objected to Defendant's citation to *Mandeville v. Onoda Cement*
    *Co.*, 67 Fed. App'x. 417 (9th Cir. 2003), an unreported decision. 9th Circuit Rule 36-3(a)
27  makes it clear that unreported decisions are not binding precedent to external cases.
    However, these cases may still be cited as persuasive authority.  Defendant does not
28  solely rely on *Mandeville*, and its use of the unreported decision is not improper.

3

1    Reply is improper.  Plaintiffs should have sought leave of the Court, or filed a Motion to

2    Strike the Reply.  Nonetheless, if new information was presented in the Reply, Plaintiff

3    should be afforded the opportunity to respond to it.  Thus, the Court must analyze if

4    there was new information presented in the Reply.

5          Plaintiff specifically objects to the exhibits in the Reply.  However, with the

6    exception of Mr. Jahrling's affidavit, all other exhibits are portions of documents

7    previously submitted in various filings.  The fact that two parts comprise the Flush Valve

8    is displayed through various other exhibits including those attached to Plaintiff's own

9    filings.  Further, the fact that the diaphragm assembly was the cause of the leak is

10   established by Plaintiff's own expert's report.  However, the Court cannot find previous

11   evidence in the filings establishing that the diaphragm assembly and the electronic

12   sensor can be purchased and installed separately.  While this information may have

13   generally been known or Plaintiff may have had access to this information previously,

14   Defendant's Reply presented this material information to the Court for the first time.

15   Therefore, Plaintiff should have an opportunity to respond.  Accordingly, the Court will

16   entertain the improperly filed Sur-Reply and the Motion to Strike is denied.

17         However, Plaintiff's Sur-Reply simply asserts that Defendant's Reply is improper

18   and shouldn't be considered.  The Court disagrees.  Having afforded an opportunity to

19   respond, the Court may consider the new information and the response.  Plaintiff had the

20   opportunity to respond to the substance of the Reply's new information in its Sur-Reply,

21   but either could not or simply did not.  Consequently, the affidavit is proper for the

22   Court's consideration.

23         **B.     Motion for Summary Judgment**

24                  **1.  Legal Standard**

25         The purpose of summary judgment is to avoid unnecessary trials when there is no

26   dispute as to the facts before the court.  *Northwest Motorcycle Ass'n v. U.S. Dep't of*

27   *Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when "the

28   pleadings, the discovery and disclosure materials on file, and any affidavits show there is

1   no genuine issue as to any material fact and that the movant is entitled to judgment as a

2   matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330

3   (1986).   An issue is "genuine" if there is a sufficient evidentiary basis on which a

4   reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it

5   could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby,*

6   *Inc.*, 477 U.S. 242, 248–49 (1986).   Where reasonable minds could differ on the material

7   facts at issue, however, summary judgment is not appropriate. *Warren v. City of*

8   *Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).   In

9   evaluating a summary judgment motion, a court views all facts and draws all inferences

10  in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.  Fishbach &*

11  *Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

12          **2.    Analysis**

13          To prevail on an action for breach of an implied warranty (merchantability or

14  fitness) under Nevada law, a plaintiff must be able to establish a contractual link between

15  himself and the defendant. *See* NRS 104.2314, 104.2315.  Although contractual claims

16  usually require a showing of direct privity between parties, special rules have been

17  developed so that a manufacturer can be held liable to a consumer for breach of implied

18  warranty even though no contract exists directly between them. *See Hiles v. Johnston*

19  *Pump Co. of Pasadena, Cal.*, 560 P.2d 154, 157 (Nev. 1977).  Thus, to impose liability

20  on a manufacturer, an injured consumer can establish the required link either by showing

21  he is the consumer at the end of the manufacturer's distribution chain, *see id.*, or by

22  showing a statutorily recognized relationship (a natural person within the family or

23  household) with the end consumer.  *See* NRS 104.2318; *Amundsen v. Ohio Brass Co.*,

24  513 P.2d 1234, 1235 (Nev. 1973); *see also*, *Mandevill v. Onoda Cement Co.*, 67 F.

25  App'x 417, 419 (9th Cir. 2003) ("even if vertical privity between a manufacturer and

26  buyer is not required, Nevada still requires horizontal privity").

27          Defendant argues that evidence of the 1998 retrofit establishes that Harsch could

28  not have purchased the Flush Valve, and thus cannot be an end consumer.

Consequently, there is no privity between Defendant and Harsch and the implied warranty claim cannot be sustained.  Plaintiff argues that evidence of the manufacture date of 2000 on the electronic sensor portion of the Flush Valve establishes that Harsch purchased and replaced the Flush Valve subsequent to its acquisition of the building.  In response, Defendant argues that, because the parts are separate, the fact that the electronic sensor was replaced after Harsch's acquisition of the Building does not necessarily mean that the diaphragm assembly was also replaced at that time.

The question of when the diaphragm assembly was installed is a question of material fact.  Although Plaintiff has not produced definitive evidence establishing that they purchased the diaphragm assembly and were the end consumer, Plaintiff has produced evidence to raise a substantial question about the Defendant's theory. Viewing all facts and drawing all inferences in the light most favorable to the Plaintiff, a reasonable fact-finder could find for Plaintiff.   Consequently, summary judgment is improper and the Motion is denied.

### C.    Motion for Reconsideration

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b).  Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Plaintiff, for the second time, asks the Court to reconsider its November 16, 2011, Order (dkt. no. 57) on Defendant's Motion for Partial Summary Judgment (dkt. no. 36). Plaintiff asserts that the manufacture date of the electronic sensor is newly discovered

///

1  evidence justifying relief from the Court's previous Order.  The Court disagrees for two

2  main reasons.

3      First, the Court cannot consider the manufacture date to be newly discovered

4  evidence.  The Plaintiff's expert's report, dated September 27, 2011, which Plaintiff has

5  attached to their Motion for Reconsideration as Exhibit 9, reports that the electronic

6  sensor was manufactured in 2000.  This evidence was available to Plaintiffs upon their

7  first motion for reconsideration (dkt. no. 62), filed on March 16, 2012, and consequently

8  cannot be considered new.

9      Second, and more importantly, the Court's reasoning in granting partial summary

10  judgment under the economic loss doctrine is unaffected by when the valve was

11  installed.  The Court's Order details that under Nevada law, the Flush Valve, as part of

12  the plumbing, was an integrated and integral part of the Building and that the only

13  property damaged was the integrated product.  Thus, the remedy lies in contract.

14  Whether the Flush Valve was installed in 1998, or whether it was subsequently replaced

15  at a later date, is immaterial to that analysis.

16      Plaintiff seems to rely on a footnote in the Court's Order in which the Court said

17  that it was declining to address whether or not the timing of replacement was material

18  because of inadequacies in Plaintiff's response.   Plaintiff seems to interpret this

19  language as holding that the timing of replacement was material, but not addressed.

20  This, however, is not the case. The Court notes that *Calloway v. City of Reno*, 993 P.2d

21  1259, 1267 (Nev. 2000), the main case upon which the Court relied in making its

22  determination, specifically mentions that buildings are subject to remodeling and

23  changes throughout their useful life, but nonetheless holds that buildings are integrated

24  products for the purpose of the economic loss doctrine.  Thus, even if Plaintiff's evidence

25  was, in fact, new, it would have no effect on the Court's ultimate decision.  Accordingly,

26  Plaintiff's Motion for Reconsideration is denied.

27  ///

28  ///

1

**III.    CONCLUSION**

2      IT IS THEREFORE ORDERED that Defendant's Motion to Strike Fireman's Fund

3  Insurance Company's Sur-Reply to Defendant's Motion for Summary Judgment is

4  DENIED.

5      IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is

6  DENIED.

7      IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration on Ruling

8  on Sloan Valve Company's Motion for Partial Summary Judgment Pursuant to Rule

9  60(b) is DENIED.

10

    DATED THIS 16th day of October 2012.

11

12

13
                                           _____
                                           MIRANDA M. DU
14                                         UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28