UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SLOAN VALVE COMPANY, a Delaware Corporation, and DOES 1-30 inclusive,<br><br>Defendants. | Case No. 2:10-cv-01816-MMD-VCF<br><br>ORDER<br><br>(Defendant's Motion for Reconsideration – dkt. no. 90) |

Before the Court is Defendant Sloan Valve Company's ("Defendant") Motion for Reconsideration (dtk. no. 90) of the Court's prior Order denying summary judgment (dkt. no. 89). For reasons discussed below, the Motion is denied.

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution*

*Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Defendant asserts that the Court's Order denying Defendant's Motion for Summary Judgment failed to address Defendant's argument that any breach of implied warranty was time barred. Not only is this attempt to use a motion to reconsider as a vehicle to reassert a previously raised argument inappropriate, Defendant's assertion is simply incorrect. The Court's prior Order found that the purchase date of the defective product involves a question of material fact.[1] As the purchase date is unknown, the Court cannot determine when the statute of limitations began to run and subsequently, when and if it expired. Further, the Court cannot infer from the time between the manufacture date and the date of the suit that the claim is necessarily time barred. Although the idea that a product manufactured in 2000 may not be purchased until 2005 or later apparently seems preposterous to Defendant, Defendant has presented no evidence that such a scenario is impossible or even implausible. Given that facts are viewed in the light most favorable to the non-moving party on a motion for summary judgment, the inference that the claim is time barred becomes even more unreasonable.

Defendant also asserts that summary judgment should have been granted because Plaintiff did not prove that the suit was brought within the statute of limitations. Defendant's argument is fundamentally flawed. An assertion of the statute of limitations is an affirmative defense, and under Nevada law, the defendant bears the burden of

---

[1] Defendant spends a significant amount of its motion arguing that the Court erred by addressing only the installation date and not the delivery date of the product as the statute of limitations is calculated off of the delivery date. While Defendant is correct in this assertion and while the delivery necessarily precedes installation, the only evidence of the delivery date that Defendant provided was testimonial evidence of when the part may have been installed. Thus, the distinction that Defendant attempts to draw between delivery and installation is immaterial as the questions of material fact apply to both the installation and delivery dates. The Court's prior Order discussed the installation because both parties used it as an approximation of the purchase/delivery date for purposes of the privity and statute of limitations analysis.

proof for affirmative defenses.  NRCP 8(c); *Schwartz v. Schwartz*, 591 P.2d 1137, 1140 n. 2 (Nev. 1979).  Here, Defendant has not carried its burden because questions of material fact remain about when the statute of limitations began to run.  Defendant's argument that the claim is time barred is as unpersuasive in this motion as it was in the last motion

   IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration is DENIED.

   DATED THIS 3rd day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE